### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| OSCAR GIST, ) | |
| ) | **Case No.** |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| ONE MAIN FINANCIAL, INC., ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

Now comes the Plaintiff, OSCAR GIST, by and through his attorneys, and for his Complaint against the Defendant, ONE MAIN FINANCIAL, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367. This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Union, South Carolina.

5. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

6. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

7. On information and belief, Defendant is a corporation of the State of Delaware, which is licensed to do business in South Carolina, and which has its principal place of business in Baltimore, Maryland.

## FACTS COMMON TO ALL COUNTS

8. During or about early July of 2015, Defendant placed an automated telephone call to Plaintiff's cellular phone in an attempt to collect an alleged debt.

9. After receiving said communication from Defendant, Plaintiff sent a letter to Defendant by reason of certified U.S. Mail, which requested that Defendant cease placing telephone calls to Plaintiff's cellular telephone. Tracking information confirms that Defendant received the request on July 24, 2015. *See* tracking confirmation, attached hereto as Exhibit A.

10. Despite its receipt of Plaintiff's request that it cease placing telephone calls to Plaintiff's cellular telephone, Defendant continuously placed telephone calls to Plaintiff beginning in approximately late July of 2015 through approximately early August of 2015, in further attempts to collect the alleged debt.

11. Said telephone calls were placed to Plaintiff by Defendant on dates which include, but are not limited to, the following (i.e., this list is not intended to be exhaustive; additional calls were placed by Defendant to Plaintiff on dates other than those listed below):

   a. July 24, 2015 (two telephone calls);
   b. July 27, 2015;
   c. July 28, 2015 (three telephone calls);
   d. July 31, 2015 (two telephone calls); and
   e. August 1, 2015 (three telephone calls).

12. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

13. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt which was subject to the automatic stay against collection during the pendency of Plaintiff's bankruptcy case and was subsequently discharged in Plaintiff's bankruptcy case.

14. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

15. Plaintiff did not give Defendant their express consent, invitation or permission to contact them using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact them in this manner was terminated and revoked.

16. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

17. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

18. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the TCPA.

19. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

**COUNT I**

20.     Plaintiff incorporates the allegations and statements made in paragraphs 1 through 19 above as if reiterated herein.

21.     The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

22.     As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

   a.   Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

   b.   Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

   c.   Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

   d.   Any other relief deemed appropriate by this Honorable Court.

**COUNT II**

23.     Plaintiff incorporates the allegations and statements made in paragraphs 1 through 19 above as if reiterated herein.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

25. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

b. Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his TCPA claims in this action.

RESPECTFULLY SUBMITTED,

OSCAR GIST

By:   /s/ Benjamin R. Matthews
      Attorney for Plaintiff

Benjamin R. Matthews
South Carolina Attorney No. 3687
Law Solutions Chicago LLC
3406 West Avenue
Columbia, SC 29203
Phone: (803) 799-1700
Fax: (803) 254-3678
benrusmat@gmail.com